**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CHARLES STARK and wife, | § | |
| SALLY STARK | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-01687 |
| | § | |
| AIR SERV CORPORATION, | § | |
| UNITED AIRLINES, INC., | § | |
| EXPRESSJET AIRLINES, INC., | § | |
| And CITY OF HOUSTON | § | |
| | § | |
| Defendants. | § | |

## **PLAINTIFF SALLY STARK'S RULE 26(a)(2) DESIGNATION OF EXPERTS**

In accordance with Rule 26(a)(2) of the Federal Rules of Civil Procedure, Plaintiff, Sally Stark, Individually and as Independent Executrix of the Succession of Charles Stark, respectfully designates the following experts:

### A. RETAINED EXPERTS

(1)   Robert A. Nester
Expert Aviation Consulting, L.L.C.
12291 Pebblepointe Pass
Carmel, IN  46033

Mr. Nester will testify regarding his review and analysis of the materials produced in this litigation.  He will testify regarding his opinions that Defendant AirServ (contractor) and Defendant United (carrier) failed to comply with the Code of Federal Regulations by not providing Mr. Stark with proper seating accommodations for a disabled person.  Mr. Nester will also testify that AirServ did not use and abide by their established training curriculum and that United failed to ensure that AirServ was properly trained to proficiency.  Mr. Nester will also testify that on the date of injury AirServ failed to follow established company procedures to deplane Mr. Stark, a passenger with a disability. Mr. Nester will also testify that on the date of injury,

AirServ and ExpressJet failed to follow established company procedures by not informing Mr. or Mrs. Stark of their right to contact a Complaint Resolution Official.

It is anticipated that Mr. Nester's deposition will be taken; therefore, he will also testify regarding all facts and information contained in his deposition.

Attached is the report of Robert A. Nester which contains his qualifications as an expert, each opinion he will present and the basis for each opinion.

### B. NON-RETAINED EXPERTS
### TREATING PHYSICIANS

Treating physicians are not retained by, employed by or otherwise subject to the control of Plaintiff.  Plaintiff has produced/is willing to produce all medical records in her possession.  Plaintiff will also execute a medical authorization to allow Defendant to obtain additional information if described by Defendant.

No report will be furnished as treating physicians are not retained by, employed by or otherwise subject to the control of the Plaintiff.

Custodians of Medical and Patient Account Records for these non-retained treating physician experts may testify concerning the authenticity of medical and patient account records, the necessity of medical treatment and the reasonableness of amounts charged for medical treatment.  No report will be furnished as custodians of treating physicians are not retained by, employed by or otherwise subject to the control of the Plaintiff.

   (2)   Dr. Alejandra Henen and her
         Custodians of Medical and Patient Account Records
         Puerto Vallarta, Mexico
         Hospital San Javier Marina
         Zona Hotelera Norte,
         Puerto Vallarta, Jalisco, Mexico
         Telephone:  +52 322 226 1000

         Dr. Henen was the first doctor to examine Mr. Stark upon his arrival at in Mexico on 10/19/12.  The hotel contacted her after Mr. Stark arrived and asked her to come to the hotel to see him. After her physical examination, Dr. Hanen called for an ambulance and Mr. Stark was transported to San Javier Hospital.  Dr. Henen may testify regarding

medical facts and her examination, diagnosis, care and treatment of Charles Stark, including but not limited to Mr. Stark's history of the manner of injury, her impression of Mr. Stark's physical condition at the time she examined him, the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12, and a description of the treatment she rendered and recommended to Mr. Stark.

(3)   Dr. Alejandro Rios Ramirez and his
      Custodians of Medical and Patient Account Records
      Hospital San Javier Marina
      Zona Hotelera Norte,
      Puerto Vallarta, Jalisco, Mexico
      Telephone:  +52 322 293-0529

      Dr. Rios Ramirez was the first doctor to examine Mr. Stark upon his arrival at San Javier Hospital in Mexico on 10/19/12.  Dr. Rios Ramirez may testify regarding medical facts and his examination, diagnosis, care and treatment of Charles Stark, including but not limited to Mr. Stark's history of the manner of injury, his impression of Mr. Stark's physical condition at the time he examined him, and the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12. Dr. Rios Ramirez testimony may also include his review and opinion of the x-rays that were taken of Mr. Stark's leg and ankle at San Javier Hospital as well as a description of the treatment he rendered and recommended to Mr. Stark.

(4)   Dr. Roberto Lara de la Fuente and his
      Custodians of Medical and Patient Account Records
      Vallarta Orthopaedics
      AV. Tepic Sur No. 949
      Int. L-2
      Bucerias, Nayarit, Mexico
      Telephone:   +52 322 297-0600

      Dr. Lara de la Fuente is the orthopedic surgeon who performed surgery on Mr. Stark's tib/fib fracture in Mexico at San Javier Hospital.  Dr. Lara de la Fuente placed the first external fixation device on Mr. Stark's leg. Dr. Rios Ramirez may testify regarding medical facts and his examination, diagnosis, care and treatment of Charles Stark, including but not limited to Mr. Stark's history of the manner of injury, his impression of Mr. Stark's physical condition at the time he examined him, and the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12.  Dr. Lara de la Fuente's testimony may also

include his review and opinion of the x-rays that were taken of Mr. Stark's leg and ankle at San Javier Hospital and a description of the treatment he rendered and recommended to Mr. Stark. Dr. Lara de la Fuente may also testify regarding his post-op care of Mr. Stark, including but not limited to post-op visits with Mr. Stark at his hotel, dressing changes and Mr. Stark's non-weight-bearing status.

(5)   Trevor Richard, M.D. and his
      Custodians of Medical and Patient Account Records
      Willis-Knighton – Bossier Health Center
      2400 Hospital Drive
      Bossier City, LA
      Telephone: 318-212-7870

      Dr. Richard examined Mr. Stark at Willis-Knighton Hospital-Bossier on 11/3/2012. He may testify regarding medical facts and his examination, diagnosis, care and treatment of Charles Stark, including but not limited to Mr. Stark's history of the manner of injury, his impression of Mr. Stark's physical condition at the time he examined him, and the nature and extent of the injuries Mr. Stark sustained in the incident of 10/12/2012. His testimony may also include his review and opinion of the x-rays taken at Willis-Knighton Hospital Bossier on 11/3/2012, the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12 and a description of the treatment he rendered and recommended to Mr. Stark.

(6)   Stephen Cox, M.D.
(7)   G. Michael Haynie, M.D.
(8)   Michael T. Acurio, M.D.

(9)   Orthopedic Specialists of LA and its
      Custodians of Medical and Patient Account Records
      1500 Line Avenue, Suite 100
      Shreveport, LA 71101
      Telephone: 318-635-3052

      **Dr. Stephen Cox:**

      Dr. Cox may testify regarding medical facts and his examination, diagnosis, care and treatment of Charles Stark, including: his impression of Mr. Stark's overall physical condition at the time he became his patient, the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12, a description of the treatment

he rendered and recommended to Mr. Stark including the surgeries he performed, and the complications he encountered during the time he treated him for the injuries sustained in the incident of 10/19/12.

Dr. Cox may also testify regarding his opinions on Mr. Stark's physical restrictions and limitations as a result of the incident of 10/19/12, whether the incident of 10/19/12 caused Mr. Stark to experience limitation and decreased mobility, Mr. Stark's restrictions, limitations and physical impairment prior to and after the incident of 10/19/2012, how the diagnosis of osteomyelitis affected recurrent infections and the etiology of the recurring cellulitis/distal extremity ulcers.

It is anticipated that Dr. Cox's deposition will be taken; therefore, he will also testify regarding all facts and information contained in his deposition.

**Dr. G. Michael Haynie:**

Dr. Haynie may testify regarding medical facts and his examination, diagnosis, care and treatment of Charles Stark including: his impression of Mr. Stark's overall physical condition at the time he became his patient, the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12, a description of the treatment he rendered and recommended to Mr. Stark including the surgeries he performed, and the complications he encountered during the time he treated him for the injuries sustained in the incident of 10/19/12.

Dr. Haynie may also testify regarding his opinion on the medical treatment Mr. Stark received in Mexico, including the placement of the external fixation device and the length of time that external fixator was in place.  Dr. Haynie may also testify regarding his opinion that the diagnosis made by Dr. Lara in Mexico is consistent with the 11/3/2012 x-rays taken at Willis-Knighton Hospital in Bossier City.  Dr. Haynie may also testify regarding his opinion that the misalignment of the bones seen in the x-rays of 11/3/2012 was likely caused by the length of time the external fixator was in place and the natural and necessary movements Mr. Stark was required to make during his return home from Mexico.  Dr. Haynie may also testify regarding his opinion that if Mr. Stark bore weight on the leg after the external fixator was in place it would have caused him excruciating pain.  Dr. Haynie may also testify regarding his opinion that he has no criticism of the way Mr. Stark managed himself during his trip home from Mexico, the necessity for him to transfer from ground transportation to the aircraft when he

boarded in Mexico and then deboarded in Houston, and then traveled home by car, and that it appeared that Mr. Stark followed all precautions and did not bear weight on his leg for strictly ambulatory purposes.  Dr. Haynie may also testify regarding Mr. Stark's restrictions, limitations and physical impairment prior to and after the incident of 10/19/2012.

It is anticipated that Dr. Haynie's deposition will be taken; therefore, he will also testify regarding all facts and information contained in his deposition.

Dr. Acurio began treating Mr. Stark in August of 2012 for complaints of left knee pain.  Dr. Acurio gave him cortico-steroid injectinos in his left knee, including an injection three days before the incident made the basis of this lawsuit.  Dr. Acurio performed an orthopedic assessment at Willis-Knighton Hospital-Bossier on 11/7/2012.  He also performed left knee replacement surgery on 6/24/2013.  Dr. Acurio may testify regarding medical facts and his examination, diagnosis, care and treatment of Charles Stark.  His testimony may include, but is not limited to: Mr. Stark's medical history prior to the incident of 10/19/12, his impression of Mr. Stark's physical condition, impairment and disabilities at the time he became his patient and during the time Mr. Stark was his patient, the history of the manner of injury which occurred on10/19/12, his review and opinion of x-rays taken after the incident of 10/19/12, the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12, a description of the treatment he rendered and recommended to Mr. Stark, including but not limited to surgeries he performed and complications, if any, he encountered, during the time he treated Mr. Stark.

It is anticipated that Dr. Acurio's deposition will be taken; therefore, he will also testify regarding all facts and information contained in his deposition.

(10) Dr. Halim Abou-Faycal
(11) Dr. Michael El-Hayek

(12) Northwest Infectious Disease Consultants and its
Custodians of Medical and Patient Account Records
2551 Greenwood Rd., Ste. 150
Shreveport, LA  71103
Telephone:  318-212-6888

Dr. Abou-Faycal and Dr. El-Hayek treated Mr. Stark for cellulitis and osteomyelitis following the incident of 10/19/2012. They may testify regarding medical facts and their examination, diagnosis, care and treatment of Charles Stark. Their testimony may include, but is not limited to: Mr. Stark's medical history prior to the incident of 10/19/12, the cause of the osteomyelitis and cellulitis, a description of the treatment they rendered and recommended to Mr. Stark and complications, if any, they encountered.

(13)   Allen L. Cox, M.D.

(14)   Louisiana Family Practice Associates and its
       Custodians of Medical and Patient Account Records
       2300 Hospital Drive, Suite 200
       Bossier City, LA  71111
       Telephone: 318 212-7830

Dr. Allen Cox was Mr. Stark's primary care physician. He may testify regarding Mr. Stark's medical history prior to the incident of 10/19/2012. Dr. Cox may also testify regarding medical facts and his examination, diagnosis, care and treatment of Charles Stark. His testimony may include, but is not limited to: Mr. Stark's history of the manner of injury he sustained on 10/19/12, his impression of Mr. Stark's physical condition, limitations, restrictions, impairment and disabilities during the time he was his patient, the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12 and a description of the treatment he rendered to Mr. Stark.

(15)   Kevin Hodge
(16)   James Roberson
(17)   Joe Bryant
(18)   Ricky Weathersby

(19)   City of Houston Fire Department EMS and its
       Custodians of Medical and Patient Account Records
       600 Jefferson, Suite 800
       Houston, TX  77002
       Telephone:  832-394-6860

Mr. Hodge, Mr. Roberson, Mr. Bryant and Mr. Weathersby are employees of City of Houston Fire Department EMS. They responded to the scene of Mr. Stark's fall on United Flight 4197 on 10/19/2012. They may testify regarding medical facts and their examination,

diagnosis, care and treatment of Charles Stark. Their testimony may include, but is not limited to: Mr. Stark's history of the manner of injury on 10/19/12, their impression of Mr. Stark's physical condition at the time they examined him, the nature and extent of the injuries Mr. Stark sustained in the fall of 10/19/12, their diagnosis of the injuries sustained by Mr. Stark and a description of the treatment they rendered and recommended to Mr. Stark.

In addition, Mr. Weathersby has given his deposition in this case and may testify regarding all information contained in his deposition.

(20)   Hospital San Javier Marina and its
       Custodians of Medical and Patient Account Records
       Av Pablo Casals 640
       Prados de Providencia
       Guadalajara, Jalisaco, Mexico

       This medical facility provided medical treatment to Mr. Stark following the 10/19/2012 incident made the basis of this lawsuit. This is the hospital where Mr. Stark was admitted shortly after his arrival in Mexico and where surgery on his tib/fib fracture was performed, which surgery included the placement of an external fixation device. The doctors, nurses, radiologists, technicians and other medical personnel employed by this hospital have knowledge of the nature and extent of Mr. Stark's injuries and the medical treatment they rendered to Mr. Stark. They may testify regarding Mr. Stark's history of the manner of injury on 10/19/12, their impression of Mr. Stark's physical condition at the time they examined him, the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12, their diagnosis of the injuries sustained by Mr. Stark, their review and opinion on x-rays taken, and a description of the treatment they rendered and recommended to Mr. Stark.

(21)   Willis-Knighton – Bossier Health Center and its
       Custodians of Medical and Patient Account Records
       2400 Hospital Drive
       Bossier City, LA
       Telephone: 318-212-7870

       This medical facility provided medical treatment to Mr. Stark following the 10/19/2012 incident made the basis of this lawsuit. This is the hospital where Mr. Stark was admitted upon his return from Mexico and where Mr. Stark had several surgical procedures on his right leg.

This medical facility provided medical treatment to Mr. Stark following the 10/19/2012 incident made the basis of this lawsuit. The doctors, nurses, radiologists, technicians and other medical personnel employed by this hospital may testify regarding their knowledge of the nature and extent of Mr. Stark's injuries sustained on 10/19/2012 and the medical treatment they rendered to Mr. Stark. They may testify regarding Mr. Stark's history of the manner of injury on 10/19/2012, their impression of Mr. Stark's physical condition, physical impairment and disabilities at the time they examined him, their diagnosis of the injuries sustained by Mr. Stark, their review and opinion of x-rays and a description of the treatment they rendered and recommended to Mr. Stark.

(22)   Willis-Knighton – Pierremont Health Center and its
       Custodians of Medical and Patient Account Records
       8001 Youree Drive
       Shreveport, LA  71115
       Telephone:  318-212-3000

       This medical facility provided medical treatment to Mr. Stark following the 10/19/2012 incident made the basis of this lawsuit. The doctors, nurses, radiologists, technicians and other medical personnel employed by this hospital may testify regarding their knowledge of the nature and extent of Mr. Stark's injuries sustained on 10/19/2012 and the medical treatment they rendered to Mr. Stark. They may testify regarding Mr. Stark's history of the manner of injury on 10/19/2012, their impression of Mr. Stark's physical condition, physical impairment and disabilities at the time they examined him, their diagnosis of the injuries sustained by Mr. Stark, their review and opinion of x-rays and a description of the treatment they rendered and recommended to Mr. Stark.

(23)   Promise Hospital of Bossier City and its
       Custodians of Medical and Patient Account Records
       2525 Viking Lane
       Bossier City, LA  71111
       Telephone:  318-629-2388

       This medical facility provided medical treatment to Mr. Stark following the 10/19/2012 incident made the basis of this lawsuit. Mr. Stark received IV antibiotic treatment for bacteremia and suspected osteomyelitis at this facility. The doctors, nurses, radiologists, technicians and other medical personnel employed by this hospital

may testify regarding their knowledge of the nature and extent of Mr. Stark's injuries and the medical treatment they rendered to Mr. Stark. They may testify regarding Mr. Stark's history of the manner of injury which occurred on 10/19/12, their impression of Mr. Stark's physical condition, physical impairment, and disabilities at the time they examined him, the nature and extent of the injuries Mr. Stark sustained in the incident of 10/19/12, their diagnosis of Mr. Stark's infections and the cause of the infections, and a description of the treatment they rendered and recommended to Mr. Stark.

(24) Balentine Ambulance Service and its
Custodians of Medical and Patient Account Records
3516 Mansfield Road
Shreveport, LA  71103
Telephone:  318-222-5358

This ambulance service provided emergency medical services to Mr. Stark on several occasions.  They also provided transport service for Mr. Stark to and from doctor visits on many occasions.  The emergency medical personnel employed by this ambulance service may testify regarding Mr. Stark's medical condition, the reason for the emergency medical treatment they provided, the medical treatment they provided and the reason that Mr. Stark required transport services to and from doctor visits.

(25) Heritage Manor Stratmore Nursing Home and its
Custodians of Medical and Patient Account Records
530 Stratmore Drive
Shreveport, LA  71115
Telephone:  318-524-2022

This medical facility is a nursing home where Mr. Stark was admitted following his discharge from Promise Hospital. The doctors, nurses, radiologists, technicians and other medical personnel employed by this facility may testify regarding Mr. Stark's medical condition when he was admitted, the injuries he sustained on 10/19/2012 and his physical impairment, physical limitations and disabilities.  They may testify regarding the medical treatment they rendered to Mr. Stark, including but not limited to physical therapy.

(26) Garden Court Health & Rehabilitation Center and its
Custodians of Medical and Patient Account Records
4405 Airline Drive
Bossier City, LA
Telephone:  318-747-5440

This medical facility is a nursing home center where Mr. Stark resided. The doctors, nurses, radiologists, technicians and other medical personnel employed by this facility may testify regarding Mr. Stark's medical condition when he was admitted, the injuries he sustained on 10/19/2012 and his physical impairment, physical limitations and disabilities.  They may testify regarding the medical treatment they rendered to Mr. Stark, including but not limited to physical therapy.

(27) Northwest Louisiana War Veterans Home and its
Custodians of Medical and Patient Account Records
3130 Arthur Ray Teague Parkway
Bossier City, LA  71112
Telephone:  318-741-2763

This medical facility is a nursing home center where Mr. Stark resided. The doctors, nurses, radiologists, technicians and other medical personnel employed by this facility may testify regarding Mr. Stark's medical condition when he was admitted, the injuries he sustained on 10/19/2012 and his physical impairment, physical limitations and disabilities.  They may testify regarding the medical treatment they rendered to Mr. Stark, including but not limited to physical therapy.

**Respectfully submitted,**

**APFFEL LAW FIRM**

By: _____
   **E. A. "Trey" Apffel, III**
   Federal Bar No. 242
   **Kevin M. Cox**
   Federal Bar No. 2368173
   1406-C West Main
   League City, Texas  77573
   Telephone:  (281) 332-7800
   Facsimile:  (281) 332-7887

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2015, a true and correct copy of the foregoing document was served via electronic mail to:

| | |
|---|---|
| Jad J. Stepp | jstepp@ss-pc.com |
| Marc Rose | mrose@ss-pc.com |
| STEPP & SULLIVAN, P.C. | |
| 1010 Lamar Street, Suite 810 | |
| Houston, TX  77002 | |

Attorneys for Defendants United Airlines, Inc.
and AirServ Corporation

_____
E. A. "Trey" Apffel, II